ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
Receiver for Prospero Ventures, L.P.
409 Third Street, S.W., 7th Floor
Washington, DC 20416
Telephone: (202) 205-6857
Facsimile: (202) 481-0325

DARRYL J. HOROWITT #100898
CHRISTINE J. LEVIN #192181
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiff,
U.S. SMALL BUSINESS ADMINISTRATION,
as Receiver for PROSPERO VENTURES, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P., <br><br> Plaintiff, <br><br> v. <br><br> LUZON INVESTMENTS, LTD., <br><br> Defendant. | NO. C 07-03740 MEJ <br> Related Cases <br> No. C 07-3732 MEJ <br> No. C 07-3733 MEJ <br> No. C 07-3735 MEJ <br> No. C 07-3736 MEJ <br> No. C 07-3737 MEJ <br> No. C 07-3738 MEJ <br> No. C 07-3739 MEJ <br> No. C 07-3741 MEJ <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR JUDGMENT PURSUANT TO FRCP RULE 55(b)(1)** <br><br> [Filed concurrently with Application for Judgment, Declarations of Brian Stern and Christine J. Levin, and Proposed Judgment] <br><br> Date: January 17, 2008 <br> Time: 10:00 a.m. <br> Courtroom B, 15th Floor |

Plaintiff, U.S. SMALL BUSINESS ADMINISTRATION ("SBA"), as Receiver ("Receiver")

1

for PROSPERO VENTURES, L.P., a California Corporation (hereinafter "PROSPERO") f/k/a Dotcom Ventures, L.P., hereby submits the following Memorandum of Points and Authorities in support of its Application for Default Judgment against Defendant LUZON INVESTMENTS, LTD., a foreign corporation (hereinafter "LUZON"), under Rule 55(b)(1) of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

On or about October 20, 2004, SBA was appointed as the Receiver of PROSPERO by way of a "Receivership Order." (See Stern Dec. ¶ 5 and Exh. "A" attached thereto.) On or about April 13, 2007, this Court entered its order ("Lift Stay Order") partially lifting the judicial injunction and stay against the commencement of civil legal proceedings of any nature involving PROSPERO (See Stern Dec. ¶ 6 and Exh. "B" attached thereto.)

After the stay was lifted, PROSPERO, on behalf and acting in the place of the General Partner, filed its complaint with this Court on July 19, 2007. On or about August 29, 2007, LUZON was served with the summons and complaint. LUZON's response was due on or about September 18, 2007. On October 12, 2007, Plaintiff filed its request for default. On October 18, 2007, this court granted Plaintiff's request that default be entered against LUZON.

## STATEMENT OF FACTS

This is an action for breach of a partnership agreement entitled Amended and Restated Agreement of Limited Partnership for Dotcom Ventures, L.P. (Formerly ASCII Ventures, L.P.), a California Limited Partnership (hereinafter "PARTNERSHIP AGREEMENT"). (See Stern Dec., ¶ 11.) The dispute stems from LUZON's failure to make promised capital contributions despite demand.

On or about April 1, 1999, PROSPERO and LUZON entered into a written partnership agreement. (See Stern Dec., ¶ 11.) The agreement was subsequently modified on or about September 10, 1999 in a document entitled "Amended & Restated Agreement of Limited Partnership for Dotcom Ventures, L.P. (formerly ASCII Ventures, L.P.) a California Limited Partnership (hereinafter "PARTNERSHIP AGREEMENT.") (See Stern Dec., ¶ 11; a true and correct copy of the PARTNERSHIP AGREEMENT is attached to the Stern Declaration as Exhibit "D.") The

2

PARTNERSHIP AGREEMENT was entered by Sanner Fanger of LUZON. (See Stern Dec., ¶ 12; a true and correct copy of the signatory is attached thereto as Exhibit "E.")

The PARTNERSHIP AGREEMENT provides, in pertinent part, that "A Partner's Capital Commitment shall mean the amount that such Partner has agreed to contribute to the capital of the Partnership as set forth opposite such Partner's name on Exhibit A hereto." A true and correct copy of the PARTNERSHIP AGREEMENT is attached to the complaint filed in this case as Exhibit "A." Exhibit A, as attached to the Complaint filed in this Court, demonstrates that LUZON agreed to contribute $623,762 to the partnership. (See Exhibit "A" to Complaint.)

LUZON paid $311,881 which is only one-half of the requisite contribution. (Stern Dec., ¶¶ 14-15.) On or about February 9, 2005, Plaintiff made formal demand that LUZON make its unfunded capital contribution no later than March 18, 2005. (See Stern Dec., ¶ 17 and Exh. "G" attached thereto.)

LUZON failed to pay despite demand and notwithstanding its agreement to do so. (See Stern Dec., ¶ 18.)

Because of LUZON's default, PROSPERO therefore applies for judgment in the amount of $311,881, plus attorneys' fees, cost and the interest rate of nine percent (9.5%) per annum beginning on March 18, 2005 and continuing until November 15, 2007. Thereafter, Plaintiff seeks interest at the legal rate of 10% per annum.

## DISCUSSION

1. **JUDGMENT IN FAVOR OF PLAINTIFF MAY BE ENTERED UPON DECLARATION**

Federal Rule of Civil Procedure Rule 55(b)(1), provides:

"(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiffs claim against a defendant is for a sum certain or for a sum which can by computation be made certain, *the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant*, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." (Emphasis added.)

PROSPERO submits that the accompanying declaration of Brian Stern supports its claim for breach of partnership. As such, by virtue of Federal Rule of Civil Procedure Rule 55, judgment should be entered on the attached declaration in lieu of personal testimony.

## 2. DEFAULT ADMITS THE MATERIAL ALLEGATIONS OF A COMPLAINT

By defaulting, LUZON is deemed to admit the material allegations of the complaint, except those relating to the amount of damages. (See *TeleVideo Systems, Inc. v. Heidenthal* (9th Cir. 1987) 826 F.2d 915, 917.) The Defendant, by its default, admits the Plaintiffs well-pleaded allegations of facts and is barred from contesting on appeal the facts thus established. (See *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank* (5th Cir. 1975) 515 F.2d 1200, 1206.)

In this action, LUZON failed to timely respond to the complaint which was served on August 29, 2007. By virtue of its default, LUZON has admitted all the material allegations of the complaint. PROSPERO need only prove the amount of its damages.

### 3. PLAINTIFF HAS PROVEN ITS CLAIM FOR BREACH OF PARTNERSHIP AGREEMENT

Federal Courts in diversity cases apply state rules governing interpretation of contracts. (See *State of New York v. Blank* 27 F3d 783, 788 (2nd Cir. 1994).) In order for Plaintiff to prevail on its claim for breach of contract, it must establish that: (1) a contract was entered into; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's breach of the Agreement; and, (4) damage to Plaintiff as a result of the breach of contract. (See 4 Witkin, Cal. Procedure (4th ed., 1997), Plead, § 476, p. 570.)

The complaint alleges as follows:

1. <u>A contract was entered into</u>: On September 10, 1999, PROSPERO and LUZON entered into the PARTNERSHIP AGREEMENT wherein LUZON agreed to make a capital contribution of $623,762. (See Stern Dec., ¶ 11, Ex. "A" to Complaint.)

2. <u>PROSPERO's performance</u>: The Receiver for PROSPERO has properly notified LUZON that it has taken control and has made proper written demand that LUZON make its requisite capital contribution on February 9, 2005, by giving LUZON until March 18, 2005, to make its payment. (Stern Dec., ¶ 17 and Exhibit "G" attached thereto.)

3. <u>LUZON's breach</u>: LUZON breached the PARTNERSHIP AGREEMENT by failing to pay PROSPERO its portion of the capital contribution. (See Stern Dec., ¶ 18.)

4. <u>Damages</u>: PROSPERO has been damaged in the sum of $311,881, exclusive of interest for monies due under the PARTNERSHIP AGREEMENT. (See Stern Dec. ¶ 15.)

By virtue of the above, PROSPERO submits that it has established its claim for breach of contract and that judgment in the sum of $311,881, plus interest, costs, and attorneys' fees should be entered.

### 4. IN ADDITION TO THE PRINCIPAL SET FORTH ABOVE, PLAINTIFF IS ENTITLED TO INTEREST, COSTS AND ATTORNEYS' FEES

#### A. Costs

Paragraph 5.7 of the PARTNERSHIP AGREEMENT attached to the complaint filed previously with this court as Exhibit "A" entitles Plaintiff to recover its Costs. To date, Plaintiff has the following costs in bringing this action:

| | |
|---|---|
| Filing Fee | $350.00 |
| Service of process | $59.50 |
| Outside copying Service | $87.24 |
| **Total Costs** | **$496.74** |

(See Levin Dec., ¶¶ 22-28.)

#### B. Attorneys' fees:    $3,600.13

In addition to the above, PROSPERO is entitled to attorneys' fees pursuant to the PARTNERSHIP AGREEMENT. (See Exhibit "A" attached to the complaint filed in this case.) Paragraph 5.7 of the PARTNERSHIP AGREEMENT entitled Failure to Contribute Capital explains: "If any legal proceedings relating to the failure of a Limited Partner to make such contribution are commenced, such Limited Partner *shall pay all costs and expenses* incurred by the Partnership, *including attorneys' fees*, in connection with such proceedings." (Emphasis added.) In this matter, suit was filed against nine (9) limited partners, one of which is LUZON. (Levin Dec. ¶ 24.) Attorneys' fees for matters that were only performed once are accounted for and divided by nine. Examples of this would be the drafting of the administrative motion to consider the cases related or

5

reading the Partnership Agreement. (Levin Dec. ¶¶ 24-25) Plaintiff is not seeking to recover these same attorneys' fees from another defendant. (Levin Dec. ¶¶ 24-25) For tasks that must be performed for each individual defendant, counsel kept track of the time it took to draft all of the documents and then divided the time by the number of the defendants in order to be fair to each defendant. This is due to the fact that the first complaint drafted would be more time consuming than the last. (Levin Dec., ¶ 25.)

### C. Interest:

The PARTNERSHIP AGREEMENT has a provision for interest at a rate of prime plus four at the Bank of America's published rate which was nine and a half percent (9.5%) per annum at the pertinent time. (Stern Dec., ¶ 19.) For the time between March 18, 2005, and November 15, 2007, interest has accrued to the sum of $73,945.87 at the daily rate of $81.17. (Stern Dec., ¶¶ 19-21.) Plaintiff therefore seeks $73,945.87 in interest, plus $81.17 daily each day after November 15, 2007, and before the entry of judgment.

### CONCLUSION

The SBA as Receiver for PROSPERO respectfully requests that judgment be entered against Defendant in the principal amount of $311,881; interest at the rate of 9.5% per annum from March 18, 2005 through November 15, 2007, in the amount of $73,945.87, and daily interest at $81.17 thereafter, costs in the amount of $496.74, and attorneys' fees in the amount of $3,600.13, for a total judgment of $389,923.74 plus interest commencing November 16, 2007.

Respectfully submitted,

Dated: December 11, 2007    COLEMAN & HOROWITT, LLP

By:    */S/ Christine J. Levin*
CHRISTINE J. LEVIN
Attorneys for Plaintiff
U.S. SMALL BUSINESS
ADMINISTRATION, as Receiver
for PROSPERO VENTURES, L.P.

# PROOF OF SERVICE

I declare that I am a resident of the County of Fresno. I am over the age of eighteen (18) years and not a party to the within action. My business address is 499 West Shaw, Suite 116, Fresno, California 93704.

On December 12, 2007, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR JUDGMENT PURSUANT TO FRCP RULE 55(b)(1)** on the interested parties, addressed as follows:

[x]   BY MAIL - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firm's outgoing mail. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. It is deposited with United States Postal Service on that same day in the ordinary course of business.

[]   BY CALIFORNIA OVERNIGHT - by placing [] a true and correct copy [] the original thereof enclosed in a sealed envelope for delivery via California Overnight next day delivery to the addressee noted above.

[]   BY HAND DELIVERY - by delivering by hand and leaving a true copy with the person and at the address shown above.

[]   BY FACSIMILE TRANSMISSION - by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated below.

Facsimile No.

[]   STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x]   FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on December 12, 2007, at Fresno, California.

_Lisa R. Barr_
Lisa R. Barr

Via U.S. Mail

Jerald P. Shaevitz
24175 Dawnridge Dr.
Los Altos Hills, CA 94024

Agent for Defendants,
Luzon Investments, Ltd.

Via California Overnight:

Chambers Copies

Hon. Maria-Elena James
U.S. District Court, Northern District
450 Golden Gate Avenue
16th Floor, #1111
San Francisco, CA 94102